IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHNNY WARD,  )   No. C 09-1003 MMC (PR)
        Plaintiff,  )   **ORDER OF DISMISSAL**
  v.  )
FRAD STONER, Correctional Food )
Manager I, FRANCISCO JACQUEZ, )
Warden,  )
        Defendants.  )
_____  )

    On February 25, 2009, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP"), and proceeding pro se, filed, in the United States District Court for the Eastern District of California, the above-titled civil rights action under 42 U.S.C. § 1983. On February 27, 2009, the case was transferred to the Northern District. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

## DISCUSSION

A.   Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Claim</u>

Plaintiff, who is Muslim, asserts that during the month of Ramadan, when Muslims fast all day and eat only after sundown, there was a four-day lockdown at PBSP and prison officials, in violation of prison regulations requiring inmates be fed two hot meals per day, fed Muslim inmates no hot meals and gave them only "the usual" sack lunches.  (Compl. at 5.)  Prison officials told plaintiff that because of emergency circumstances they could not provide regular hot meals during the lockdown.  According to plaintiff, however, non-Muslim inmates did receive hot meals during the four-day lockdown period.  Plaintiff claims the denial of hot meals for four days violated his right to equal protection.  He seeks monetary damages of ten million dollars.

As set forth below, plaintiff's allegations fail to state a cognizable claim for relief, either for the violation of his right to equal protection or for any other constitutional violation.

At the outset, the Court notes that the Constitution requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing.  See LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).  Consequently, the denial of hot food for four days does not rise to the level of a constitutional violation.  See id. ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.") (internal quotation and citation omitted).

Further, plaintiff's allegations fail to establish an equal protection violation.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  Here, plaintiff claims he was treated differently than other similarly-situated prisoners because he was served no hot meals for four days.  For purposes of food service decisions made by prison officials when an

emergency lockdown takes place during Ramadan, however, plaintiff, who can eat only after sundown, is not similarly situated to non-Muslim inmates, who can eat throughout the day and thus do not face such food service restrictions.  Similarly, no inference of invidious discrimination by prison officials can be drawn from plaintiff's assertion that only Muslim inmates were denied hot meals for four days while the prison was on lockdown.  See More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (holding prisoner claiming equal protection violation must allege treatment invidiously dissimilar to that received by other similarly-situated inmates).  Plaintiff's allegations likewise fail to support a claim that the denial of hot meals deprived him of a reasonable opportunity to practice his religion.  See Cruz v. Beto, 405 U.S. 319, 322 (1972) (holding Equal Protection Clause requires inmate who is adherent of minority religion be afforded "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts").

Accordingly, the complaint will be dismissed.  Such dismissal will be without leave to amend, as any amendment to state a constitutional claim under the circumstances alleged herein would be futile.  See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where amendment constitutes exercise in futility).

## CONCLUSION

For the reasons stated above, the complaint is hereby DISMISSED without leave to amend.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 7, 2009

_____
MAXINE M. CHESNEY
United States District Judge